## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MIKKI LYNN GOBLE**

**VERSUS**

**COMMISSIONER OF SOCIAL SECURITY, & UNITED STATES OF AMERICA, ET REL**

**CIVIL ACTION**

**NO. 17-1350-EWD**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 19, 2018.

                                         **ERIN WILDER-DOOMES**
                                         **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MIKKI LYNN GOBLE**

**VERSUS**

**COMMISSIONER OF SOCIAL SECURITY, & UNITED STATES OF AMERICA, ET REL**

**CIVIL ACTION**

**NO. 17-1350-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is an Unopposed Motion to Remand[1] filed by Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security (the "Commissioner"). The motion seeks an order from the court reversing the Administrative Law Judge's (ALJ's) decision denying disability benefits and supplemental security income payments and remanding the matter back to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g)[2] so that further administrative proceedings can be conducted. The motion is unopposed.[3] For the following reasons, the undersigned recommends that the Motion to Remand be **GRANTED.**

### Facts and Procedural Background

The Commissioner asserts that Plaintiff submitted claims for disability insurance benefits and supplemental security income in April 2015 and June 2015, respectively.[4] Thereafter, and upon the death of her husband, Plaintiff submitted a claim for widow's insurance benefits.[5] Plaintiff alleged the same disability onset date, December 1, 2013, in her application for widow's insurance benefits as

---

[1] R. Doc. 11.
[2] R. Doc. 11-1, p. 1.
[3] R. Doc. 11-1, p. 3.
[4] R. Doc. 11-1, p. 2.
[5] R. Doc. 11-1, p. 2.

she alleged in her applications for disability insurance benefits and supplemental security income.[6] According to the Commissioner, the three pending claims cover the same period of alleged disability and should have been adjudicated together.[7] However, Plaintiff's claim for widow's insurance benefits was created as a paper folder and, as such, was "inadvertently not associated with the electronic folders for Plaintiff's two other claims for disability insurance benefits and supplemental security income that were pending appeal."[8] According to the Commissioner, the Appeals Council did not make a decision on Plaintiff's claim for widow's benefits when it considered Plaintiff's request for review of the ALJ's decision.[9] The Commissioner requests remand to correct this oversight, and asserts that, upon remand, "[she] will vacate the current ALJ's decision and conduct further administrative proceedings as needed, including further developing the record by allowing Plaintiff the opportunity to submit updated medical records and issuing a new decision that adjudicates Plaintiff's claims for disability insurance benefits, supplemental security income, and widow's insurance benefits."[10] Finally, Plaintiff has no objection to the Commissioner's request to remand.[11]

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Defendant's Motion to Remand[12] be **GRANTED** and that the ALJ's November 9, 2016 decision denying Plaintiff's application for disability insurance benefits and supplemental security income payments under the Social Security Act be **REVERSED AND REMANDED** to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for the purpose of conducting further administrative proceedings, including

---

[6] R. Doc. 11-1, p. 3.
[7] R. Doc. 11-1, p. 3.
[8] R. Doc. 11-1, pp. 2-3.
[9] R. Doc. 11-1, p. 2.
[10] R. Doc. 11-1, p. 1.
[11] R. Doc. 11-1, p. 3.
[12] R. Doc. 11.

allowing Plaintiff to submit additional evidence and consolidating all of Plaintiff's claims so that a decision can be issued that adjudicates all of Plaintiff's applications for benefits.

It is further recommended that this action be **DISMISSED** without prejudice to Plaintiff's subsequent timely filing of an application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2414(d)(1)(B).

Signed in Baton Rouge, Louisiana, on June 19, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**